**ITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**URBANA DIVISION**

| | |
|---|---|
| **RAMADA WORLDWIDE INC.,** ) <br> formerly known as **RAMADA FRANCHISE** ) <br> **SYSTEMS, INC.,** a Delaware corporation, ) <br> ) <br> **Plaintiff,** ) <br> v. ) <br> ) <br> **ROYAL HOSPITALITY, INC.,** an Illinois ) <br> corporation, and **RANJNIKANT V.** ) <br> **BHAGAT,** an Individual, ) <br> ) <br> **Defendants.** ) | **Case No. 07-CV-2215** |

## OPINION

This case is before the court for ruling on the Motion for Summary Judgment (#20) filed by Plaintiff, Ramada Worldwide Inc. Following this court's careful review, Plaintiff's Motion for Summary Judgment (#20) is GRANTED.

### BACKGROUND

On November 27, 2007, Plaintiff filed a Verified Complaint (#1) against Defendants, Royal Hospitality, Inc. and Ranjnikant V. Bhagat. Plaintiff alleged that Defendant Royal Hospitality, Inc. (Royal) breached the terms of a License Agreement and used the Ramada trade names and service marks in violation of the Lanham Act. Plaintiff sought injunctive relief regarding the Ramada trade names and service marks and also sought damages for breach of contract and liquidated damages based upon the termination of the License Agreement. Plaintiff also alleged that Defendant Bhagat agreed to be liable for the obligations of Royal under the terms of a Guaranty agreement. Plaintiff attached supporting documentation to its Complaint, including copies of the agreements at issue. Both Defendants filed an Answer (#8, #11) to the Complaint, admitting many of the allegations of the Complaint. On March 7, 2008, a Discovery Order (#15) was entered, and a bench trial was

scheduled for April 6, 2009.

On November 18, 2008, Plaintiff filed a Motion for Summary Judgment (#20) and attached documents in support of the motion. Defendants' Response was due by December 12, 2008, but no Response has been filed.

## SUMMARY JUDGMENT

As noted, Defendants have not filed a response to Plaintiff's Motion for Summary Judgment. Rule 7.1(D)(2) of the Local Rules of the Central District of Illinois provides:

> Within 21 days after service of a motion for summary judgment, any party opposing the motion shall file a response. A failure to respond shall be deemed an admission of the motion.

The Seventh Circuit has repeatedly held that such a rule is "entirely proper." Doe v. Cunningham, 30 F.3d 879, 882 (7th Cir. 1994). Further, when the non-movant does not respond to the movant's statement of facts, the non-movant concedes the movant's version of the facts. Waldridge v. American Hoechst Corp., 24 F.3d 918, 922 (7th Cir. 1994); Columbia Pictures Indus., Inc. v. Landa, 974 F. Supp. 1, 3 (C.D. Ill. 1997). However, a party's failure to submit a timely response to a motion for summary judgment does not automatically result in summary judgment for the moving party. LaSalle Bank Lake View v. Seguban, 54 F.3d 387, 392 (7th Cir. 1995). It remains "the movant's burden to demonstrate that no genuine issue of material fact exists and that he is entitled to summary judgment as a matter of law." Doe, 30 F.3d at 883. Accordingly, the district court must make the further finding that summary judgment is proper as a matter of law. LaSalle Bank, 54 F.3d at 392.

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the

movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).  In ruling on a motion for summary judgment, a district court has one task and one task only: to decide, based upon the evidence of record, whether there is any material dispute of fact that requires a trial.  Waldridge, 24 F.3d at 920.

In this case, Plaintiff has provided a detailed statement of undisputed material facts with supporting documentation.  Briefly summarized, the undisputed facts show that, in November 2003, Plaintiff entered into a License Agreement with Royal for the operation of a guest lodging facility in Mattoon, Illinois.  Under the terms of the License Agreement, Royal was obligated to operate the facility for a 15-year term, was permitted to use Plaintiff's marks and was required to make certain periodic payments to Plaintiff.  The License Agreement also provided for liquidated damages upon termination of the agreement and provided that the non-prevailing party "will pay all costs and expenses, including reasonable attorneys' fees, incurred by the prevailing party to enforce this Agreement or collect amounts owed under this Agreement."  Defendant Bhagat provided Plaintiff with a guaranty of Royal's obligations.  Later, in July 2007, Royal sold the facility without Plaintiff's consent, thereby prematurely terminating the License Agreement.  Upon termination, Royal was obligated to pay Plaintiff outstanding recurring fees and damages.  Defendants failed to make the required payments.  Plaintiff therefore initiated this action against Defendants.  In their Answers, Defendants admitted that Royal entered into the License Agreement, admitted that Royal was obligated to make certain payments under the License Agreement, and admitted that Bhagat is liable for any unfulfilled obligations of Royal.

Based upon these facts, Plaintiff argued that it is entitled to summary judgment against Defendants.  Plaintiff provided documentation, and case law authority, to support its claim for damages.  Plaintiff showed that, based upon the terms of the License Agreement, it is entitled to

$68,571.78 for recurring fees, $17,856.96 in interest accrued on this amount, $101,000.00 in liquidated damages based upon the terms of the License Agreement and Addendum, interest accrued on the liquidated damages in the amount of $24,805.38, attorney fees in the amount of $31,385.60 and costs in the amount of $1,004.91.

This court has carefully reviewed all of the documentation submitted by Plaintiff as well as Plaintiff's citations of authority. Following this careful review, this court concludes that Plaintiff has met its burden to show that no genuine issue of material fact exists which requires a trial. Based upon the undisputed facts and the applicable case law, this court agrees with Plaintiff that it is entitled to judgment as a matter of law.

IT IS THEREFORE ORDERED THAT:

(1) Plaintiff's Motion for Summary Judgment (#20) is GRANTED. Judgment is entered in favor of Plaintiff and against Defendants on Plaintiff's Complaint (#1).

(2) Judgment is entered against Defendants in the following amounts: (1) recurring fees in the principal amount of $68,571.78; (2) interest on recurring fees in the amount of $17,856.96; (3) liquidated and Addendum damages in the amount of $101,000.00; (4) interest on liquidated and Addendum damages in the amount of $24,805.38; (5) attorney fees in the amount of $31,385.60; and (6) costs in the amount of $1,004.91.

(3) This case is terminated. Therefore, the final pretrial conference set for March 27, 2009, at 11:00 a.m. and the bench trial scheduled for April 6, 2009, at 9:00 a.m. are hereby VACATED.

ENTERED this 18th day of February, 2009.

s/MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE